# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Ismail Ali Abdulkarim,   Civ. No. 15-1567 (DSD/JJK)

    Petitioner,

v.   **REPORT AND RECOMMENDATION**

Joel Brott, Sheriff of Sherburne County, and Scott Baniecke, Field Office Director, ICE ERO,

    Respondents.

Ismail Ali Abdulkarim, *pro se* Petitioner;

Ann M. Bildtsen, Esq., Assistant United States Attorney, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

    This matter is before the Court on Petitioner Ismail Ali Abdulkarim's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. ((Doc. No. 1), Pet.) This case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and D. Minn. LR 72.1. Petitioner had been administratively detained pending his removal to Somalia and he sought release on grounds that his detention exceeded the 180 days that are presumptively reasonable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents now advise the Court that the Petitioner has been removed from the United States to Somalia and it is asserted that the Petition is properly dismissed as moot (Doc.

No. 5). For the reasons discussed below, this Court recommends that Abdulkarim's Petition for writ of habeas corpus be dismissed as moot.

At the time Petitioner commenced this action under 28 U.S.C. § 2241 on March 23, 2015, he was being held in ICE custody at the Sherburne County Jail pending deportation to Somalia, his country of origin. Petitioner's removal is not contested in the Petition. Petitioner states that he entered the United States on asylum on May 25, 2001, and was ordered removed on September 16, 2014. (Doc. No. 1.) Petitioner waived appeal and cooperated with the removal, but he alleges that as of March 19, 2015, he had been held in custody more than 180 days and his removal to Somalia was not reasonably foreseeable. (*Id.*) The Petition asserts that the duration of the detention exceeds the presumptively reasonable period of time provided in *Zadvydas v. Davis*, 533 U.S. at 701.

Respondent now seeks dismissal of the action on grounds that Petitioner has been successfully removed to Somalia and the habeas corpus petition is therefore moot. A formal travel document, issued by the Somali government authorizing travel to Somalia, was issued to Abdulkarim Ali Ismail[1] on April 10, 2015 ((Doc. No. 6) Decl. of Jorge Tenarodriguez, Ex. 3). An I-205 Warrant of Removal was executed on April 21, 2015. (*Id.*, Ex. 1) Petitioner boarded a direct flight to Mogadishu, Somalia, on April 21, 2015, and ICE officers received

---

[1] Petitioner's name has alternatively been stated as Ismail Ali Abdulkarim and Adbulkarim Ali Ismail. The Petition and court documents state his name as Ismail Ali Abdulkarim and therefore that is the order of names used in this discussion.

confirmation that Petitioner had been accepted by the Somali government that same day. (*Id.*, ¶¶ 4-5.) Previous removal attempts in September 2014 and February 2015 had been unsuccessful. (*Id.*, ¶ 9.)

Numerous cases in this district and elsewhere have held that a habeas corpus petition challenging detention pending removal is rendered moot upon the petitioner's removal because no live case or controversy exists and the petitioner cannot obtain the remedy that is requested. *Mhanna v. U.S. Dep't. of Homeland Sec. Citizenship & Immigration Servs.*, Civ. No. 10–292 (JRT/LIB), 2010 WL 5141803, at *11–12 (D. Minn. Dec. 13, 2010); *Estrada-Heredia v. Holder*, No. 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sep. 25, 2012), *report and recommendation adopted*, 2012 WL 4839019 (D. Minn. Oct. 11, 2012); *Mohamed v. U.S. Dept. of Homeland Security, I.C.E.*, Civ. No. 13-642 (MJD/JJK), 2013 WL 4436182, at *3 (D. Minn. Aug. 16, 2013); *Serebryanskiy v. Beniecke*, Civ. No. 12- 1671 (PAM/JSM), 2013 WL 1189683, at *2 (D. Minn. Mar. 4, 2013), *report and recommendation adopted*, 2013 WL 1193072 (D. Minn. Mar. 22, 2013); *Orellana v. Napolitano,* Civ. No. 12-1184 (JRT/AJB), 2012 WL 6006038, at *1 (D. Minn. Nov. 6, 2012), *report and recommendation adopted*, 2012 WL 6005776 (D. Minn. Nov. 30, 2012). *See also, e.g., Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1243 (11th Cir. 2002) ("Because Soliman is not being detained by the INS (or any United States Government entity for that matter), no order from this Court requiring the INS to release him into the community awaiting his final removal could have any effect …. This appeal is therefore

moot."). Petitioner Ismail Ali Abdulkarim is no longer in Respondents' custody and the relief requested in this habeas corpus action cannot be granted. This case should be dismissed as moot.

## RECOMMENDATION

Based on the above, and on all the files, records, and submissions herein,

**IT IS HEREBY RECOMMENDED** that:

1. Ismail Ali Abdulkarim's Petition for Writ of Habeas Corpus be **DENIED AS MOOT** (Doc. No. 1); and

2. This case be **DISMISSED WITH PREJUDICE**.

Dated: May 4, 2015

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 18, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.